IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00994-RPM

JAMES BOYER,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

ORDER AFFIRMING DECISION
_____

  James Boyer's applications for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act were denied based upon the decision of an Administrative Law Judge ("ALJ") that

> Based on an exertional capacity for sedentary work, and the claimant's age, educational background, and work experience, Sections 404.1569 and 416.969 and Rule 201.25, Table 1, Appendix 2, Subpart P, Regulations No. 4, directs a conclusion of "not disabled."

(R.25).

  In seeking judicial review under 42 U.S.C. § 405(g) the plaintiff claims legal error in applying the Medical-Vocational Guidelines because the medical record shows that Mr. Boyer has non-exertional limitations arising from the diagnosed conditions of vasculitis and Hepatitis C. In response, the defendant justifies the ALJ's application of the grid by his reliance on the testimony of a vocational expert

witness that Mr. Boyer is capable of the full range of sedentary work.  Because such testimony was given in response to hypothetical questions from the ALJ, the plaintiff challenges the adequacy of those questions because they did not include any limitations from pain and fatigue.  The ALJ considered the plaintiff's complaints of such limitations made in his testimony at the hearing and also as reflected in the medical records as being not fully credible.

Dr. Jennifer Adams, M.D., completed a work-related activities questionnaire on July 6, 2006, reporting that Mr. Boyer must avoid all exposure to extreme heat, extreme cold and workplace hazards (R. 196).  She also reported that on average he would be expected to be absent from work about twice a month.  If that incidence of absence from work is considered as a limitation, the vocational expert agreed that no substantial gainful employment could be performed (R. 235).  While the ALJ recognized Dr. Adams as a treating physician, he rejected those portions of her report as not being supported by medical records or objective findings.  The form does not provide for such explanations.  There is in the record a report from Dr. Laura Moran, M.D., of a consultative medical examination conducted on March 25, 2006, (R.184-188).  The clinical impression stated included a limitation on walking and standing ability from vasculitis but Dr. Moran found a capacity to perform sedentary work.

The ALJ's determination that Dr. Adams' opinion was not supported by medically acceptable clinical and laboratory diagnostic techniques is of concern because pain and fatigue are not identifiable or measurable by objective diagnostic methods.  Accordingly, the ALJ's finding is dependent upon his evaluation of the

2

claimant's credibility.  The ALJ explained his finding on credibility by noting the inconsistencies between the plaintiff's complaints and what he said to his treating physicians as well as his description of daily activities.

The ALJ rejected entirely the opinion of a nurse practitioner on a "Med-9" from appearing at pages 198-199 of the administrative record.  The report gives no explanation for the finding of disability and was properly rejected.

It is somewhat troubling that the ALJ referred to the intermittent and infrequent treatment of the plaintiff shown in the medical records.  It appears that the treatment Mr. Boyer has received has been from those who provide medical treatment for the indigent and that factor explains a lack of what might be expected as a proper course of treatment and medication.  Nonetheless, the ALJ has adequately explained his credibility determination and his selective reliance on the opinions of treating physicians.

After determining that the non-exertional limitations complained of were not credible, the ALJ properly applied Rule 201.25 in denying disability.

After reviewing the administrative record, this Court concludes that the denial decision is supported by substantial evidence and the ALJ did not commit legal error.  Accordingly, it is

ORDERED that the decision denying the plaintiff's applications is affirmed.

Dated:   February 12th, 2009

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge